Rivara *v.* Ghio.

JOSEPH RIVARA *v.* ANTONIO GHIO and others.

Evidence that a witness, who has been examined, has been of imbecile mind and memory, is admissible to affect the credibility of his testimony, although it is not offered as an objection to his competency before he is sworn.

It is not proper to reject the evidence altogether, merely because the terms in which it is offered relate indefinitely to some time preceding the trial.

In the absence of an express agreement, one who takes the custody of goods, not being an innkeeper or warehouseman, nor under any legal duty to accept and keep them, has no lien thereon for storage.

*It seems,* that where a recovery of damages is sought, for goods actually lost, it is not necessary, in any case, to prove a tender of the storage.

A bailee without hire, although bound to only ordinary diligence in keeping property intrusted to him, cannot, on the ground of mistake, evade responsibility for the loss thereof, where such loss was occasioned by gross carelessness on the part of some person in sending the property away from the defendant's premises, and the defendant offers no evidence of any care or diligence on his own part.

The rule established in the decisions of this court since appeals from justices' courts were heard therein is, that where there is evidence in support of the finding of a justice, and no such amount of countervailing evidence as warrants a conclusion that the justice has been governed by bias, partiality or other improper motive, or has acted under a misapprehension or mistake, or unless there be a plain state of the proofs which would warrant the court in setting aside the verdict of a jury as against evidence; the judgment below will not be interfered with.

ACTION in the Third District Court, for the detention and loss of personal property. From the evidence returned to this court, it appeared that upon the plaintiff's arrival in this city—from what place and with what purposes it was not stated—a trunk, belonging to him, containing wearing apparel, was taken to a house kept by the defendants. The business of the defendants was not shown. There was room for an inference that they were boarding house keepers. Through some mistake on their part, the trunk was transmitted to Cincinnati, and was returned to them rifled of its principal contents. Before suit, the property was repeatedly demanded of the defendants, who, on one occasion, stated that it had been sent away through mistake, and on another, said that they would deliver it upon payment of storage.

The only complete testimony as to the articles contained in the trunk, with their cost and value, was given by one Teresa Bacceceila. After her examination, taken without objection, was concluded, and other witnesses had been called, the defendants produced one Ginnochio, and offered to prove by him that she " had been of imbecile mind and memory," which offer was overruled by the justice upon the ground, that " the objection, if good, should have been taken at an earlier stage of the cause, on the examination of the witness herself."

The plaintiff had judgment. The defendants appealed.

*John B. Purroy*, for the defendants, made and argued the following, with other points :

I. The plaintiff could not recover in this action without proving that he had either paid or tendered the storage or compensation demanded for keeping the property.

II. The justice erred in excluding the testimony offered of John Ginnochio, to show the incompetency of the witness, Teresa Bacceceila, through defect of understanding.   (10 Johns. 362 ; 16 ib. 143.)

*Henry Brewster*, for the plaintiff, made and argued the following and other points :

I. The justice had the witness, Teresa Bacceceila, before him, heard her testimony, and could by observation judge of her mental capacity, at least as well as the witness Ginnochio. The case in 16 Johns. 143, was determined by the justice on his observation, and his decision was approved.

II. The question of competency should have been disposed of when the witness was offered.   The objection was too late. In *Livingston* v. *Kiersted*, 10 Johns. 362, it was taken at the time of the production of the witness.

III. The offer was altogether indefinite as to the time when she " had been of imbecile mind and memory."   The offer in the case last above cited, was to show insanity for a period running to the time of the trial.

By THE COURT.   WOODRUFF, J.—The most of the reasons urged in the argument for reversing the judgment herein relate to questions of fact, upon which the finding of the justice is in general to be taken as conclusive.   Where there is evidence in support of such finding, and no such amount of countervailing evidence as warrants a conclusion that the justice has been governed by bias, partiality, or other improper motive, or has acted under a palpable misapprehension or mistake, or there be a plain state of the proofs warranting the court in setting aside the verdict of a jury as against evidence, we

Rivara *v.* Ghio.

do not interfere with the finding, and so we have held ever since appeals were brought to this court.

This is not such a case. The plaintiff sues for the detention and loss of his personal property. His witness testifies unqualifiedly that it was taken to the place of the defendants' business, and left in their custody. A second witness also states that fact to be within her knowledge, and that the plaintiff demanded the trunk of the defendants, and they did not deliver it. Another witness made a demand on behalf of the plaintiff, and the defendants said they would deliver it on payment of storage. And again, that afterwards the plaintiff made a fresh demand, and then the defendant addressed gave as an excuse that by mistake it had been sent to Cincinnati. Here is proof enough that the defendants had the trunk, and that on demand they neglected to deliver it to the plaintiff. This was enough to sustain a recovery for an illegal detention, unless such detention was justified.

Only two claims are urged as a justification. One that the neglect to deliver was caused by a mistake. This was no excuse. It was the defendants' own fault if they had been guilty of such negligence as disabled them for the time being to return the plaintiff's property. Although it does not appear that they were bailees for hire, and they were therefore bound to only ordinary care and diligence in the keeping of the property, yet here the defendants offer no evidence of any care or diligence whatever, and the defence of mistake is left to be supported only by what, upon the evidence, would seem to be gross carelessness.

The other justification urged is that the defendants were entitled to storage, and therefore had a right to refuse to deliver until the storage was paid. It is by no means clear that where the recovery of damages is sought for goods actually lost, it is necessary to make or prove any tender of the storage. Be this as it may, there is nothing in this case to show that either in virtue of the defendants' occupation as storekeepers, or innkeepers, or otherwise, they had any lien for storage. When the law renders it the duty of one to receive

and keep, it gives a lien upon the goods for the compensation. But a mere volunteer, under no such obligation, accepting the temporary custody of goods, without any agreement on the subject, has no such lien. He may or may not, according to circumstances, be entitled to compensation as for work and labor, etc., as upon a *quantum meruit*, but he has no lien. Besides, the conduct of the defendants was wavering and contradictory, and it is by no means clear that their refusal to deliver was in good faith placed by them upon any such ground.

Upon the whole case the evidence is not very clear, and in regard to the articles lost or detained, and their value, there is some conflict; but we should feel bound by the finding of the court below on these points, if no error in law were committed.

But we think that the court below erred in rejecting the evidence of John Ginnochio, who was called to prove that the plaintiff's principal witness had been of imbecile mind and memory. Such evidence would tend to prove that less reliance should be placed upon her statements than those of a witness who was *compos mentis*. That a person who is *non compos,* either through derangement, or through want of ordinary understanding, is incompetent, is well settled. (10 J. R. 362; 26 Wend. 255; 1 Green. Ev. 464; 17 Mass. 540; 10 Serg. and R. 282, 285.) And when this objection is not taken upon the calling of a witness, and therefore may perhaps be deemed waived as an objection to the competency of the witness, it may be given in evidence as going to the degree of credit to which the testimony of the witness is entitled, after the plaintiff has rested. It is true that the defendants' counsel states his object to be to prove that the witness had been of imbecile mind and memory. If this were to be taken as a mere offer to prove that at some former period the witness had been thus afflicted, and without any inference that that state of things continued to the time of the transaction in question, or to the time of the trial, it was immaterial and irrelevant. But proof of imbecility of mind would raise a presumption that such condition continued, and might justly detract from, if it did not altogether destroy,

the weight to be given to the evidence of the witness. The evidence of a lunatic, given in a lucid interval, might be received, and on proof of lunacy it would lie with the party offering the witness, to prove that the lunacy had ceased or intermitted, and this would be a matter still going to the credit of the witness.

Indeed, the reason of the rejection given below appears to have proceeded upon the idea that evidence of this description necessarily went to competency only. In this we think the court erred, and the judgment must on this ground be reversed.

Judgment reversed.